IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JAMES TIMOTHY COBB,

      Petitioner,

                              Civil Action No. 1:22CV25
                              Criminal Action No. 1:18CR33
v.                           (Judge Keeley)


UNITED STATES OF AMERICA,

      Respondent.

MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is the pro se petition filed by James Timothy Cobb ("Cobb") seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 96).[1] For the reasons that follow, the Court **DENIES** the petition and **DISMISSES** this case **WITH PREJUDICE**.

I. BACKGROUND

A. Underlying Criminal Case

After Cobb was named in a one-count indictment and forfeiture allegation charging him with Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Dkt. No. 1), he filed a motion to suppress evidence of child pornography found on his computer during the execution of two search warrants in a state

---

[1] All docket numbers refer to Criminal Action No. 1:18CR33 unless otherwise noted.

COBB v. UNITED STATES                     1:22CV25/1:18CR33

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

homicide investigation (Dkt. No. 16). The Court referred the motion
to the magistrate judge (Dkt. No. 17).

After hearing argument on Cobb's motion to suppress (Dkt.
Nos. 25, 31), the magistrate judge recommended that the Court deny
the motion with respect to Cobb's computer but grant it as to the
child pornography discovered on the computer (Dkt. No. 36). The
magistrate judge reasoned that, although both search warrants were
supported by probable cause, the warrant for the contents of Cobb's
computer was not sufficiently particular to survive Fourth
Amendment scrutiny. Id. The Court denied Cobb's motion to suppress
in its entirety, finding both warrants were sufficiently
particular (Dkt. No. 53).

Thereafter, pursuant to a plea agreement which preserved his
right to appeal the denial of his motion to suppress, Cobb entered
a conditional plea of guilty to Possession of Child Pornography
(Dkt. Nos. 55, 56, 57). At sentencing, the Court ordered his
sentence of 110 months of imprisonment to run concurrently with
the remainder of his sentence on his state murder conviction (Dkt.
No. 71).

COBB v. UNITED STATES                                    1:22CV25/1:18CR33

## MEMORANDUM OPINION AND ORDER DENYING
## § 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY

The Fourth Circuit affirmed Cobb's conviction and sentence on August 11, 2020 (Dkt. Nos. 74, 87).[2] Cobb's petition for writ of certiorari to the Supreme Court of the United States was denied on March 31, 2021 (Dkt. Nos. 94, 95).

**B. Section 2255 Petition**

On March 21, 2022, Cobb filed the instant pro se petition pursuant to 28 U.S.C. § 2255 (Dkt. No. 96). He later moved to amend the petition (Dkt. No. 105) and a reply he had subsequently filed (Dkt. Nos. 107, 110). The Court granted these motions and ordered the proposed amendments filed (Dkt. Nos. 112 to 115).

On May 31, 2022, Cobb sought an evidentiary hearing and also moved to expand the record and for the appointment of counsel (Dkt. No. 108). He then filed a motion to amend that motion (Dkt. No. 111), which the Court granted (Dkt. No. 114).

At bottom, Cobb raises two overarching claims in his petition. In his first claim alleging prosecutorial misconduct, he contends that the State of West Virginia turned over child pornography discovered on his computer to the federal prosecutor in violation

---

[2] The Fourth Circuit filed an amended judgment and opinion on August 17, 2020, which did not alter the disposition of the case (Dkt. Nos. 89, 90).

COBB v. UNITED STATES                          1:22CV25/1:18CR33

### MEMORANDUM OPINION AND ORDER DENYING
### § 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY

of the terms of his state plea agreement in his murder case (Dkt.
No. 113 at 2-3, 115 at 2-4). According to Cobb, in violation of
this agreement, the Government prosecuted him for possession of
child pornography (Dkt. No. 113 at 2-3, 115 at 2-4). He also argues
that his federal prosecution violated the Double Jeopardy Clause
of the Constitution of the United States (Dkt. No. 113 at 2-3, 115
at 2-4).

   In his second claim, Cobb alleges his attorney was ineffective
for failing to add an argument Cobb had proposed he include in the
motion to suppress (Dkt. Nos. 113 at 3-4, 115 at 4-8). Cobb also
alleges his attorney incorrectly informed him about the time within
which that motion could properly be amended (Dkt. Nos. 113 at 3-
4, 115 at 4-8). And he further contends that his trial counsel
failed to raise other various arguments and threatened to withdraw
if he did not plead guilty (Dkt. Nos. 113 at 4-6, 115 at 8-12).

   The Government disputes all of Cobb's claims. The matter is
fully briefed and ripe for decision.

### II. APPLICABLE LAW

   Section 2255(a) permits a federal prisoner who is in custody
to assert the right to be released if his "sentence was imposed in

COBB v. UNITED STATES                           1:22CV25/1:18CR33

MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY

violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if his "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## III. DISCUSSION

After careful consideration of the parties' arguments, as discussed below, the Court concludes that Cobb's claims for prosecutorial misconduct and ineffective assistance of counsel are without merit.

**A. Prosecutorial Misconduct**

To prevail on a claim of prosecutorial misconduct, a petitioner must establish that the Government engaged in misconduct that resulted in prejudice. See United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007). Cobb's arguments regarding misconduct are entirely unpersuasive. To begin, while his state-court plea agreement provided for the dismissal of state child pornography charges, it in no way prohibited the federal government

COBB v. UNITED STATES                          1:22CV25/1:18CR33

from prosecuting him for that same conduct (Dkt. No. 103-3 at 2).
To the contrary, it specified that "the State will . . . not
prosecute [Cobb] for any offenses related [sic]." Id. (emphasis
added). Mere assertion by Cobb that the state prosecutor told him
"he would never have to worry" about such charges is insufficient
to overcome the plea agreement's plain language barring
prosecution for a state charge of possession of child pornography
(Dkt. No. 113 at 2, 115 at 3).

    Dismissal of Cobb's state child pornography case did not
prohibit a later federal prosecution under the Double Jeopardy
Clause. While that Clause provides that no person shall "be twice
put in jeopardy of life or limb" "for the same offense," U.S.
Const. amend. V, "the Supreme Court has continually held [as part
of the Dual Sovereignty Doctrine] that federal and state crimes
are not the same offense." United States v. Alvarado, 440 F.3d
191, 196 (4th Cir. 2006). Accordingly, "a State may prosecute a
defendant under state law even if the Federal Government has
prosecuted him for the same conduct under a federal statute," or
"the reverse" as is the case here. Gamble v. United States, 139 S.
Ct. 1960, 1964 (2019).

COBB v. UNITED STATES                     1:22CV25/1:18CR33

MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Cobb's attempt to avoid this conclusion by arguing that the
Sham Prosecution Exception to the Dual Sovereignty Doctrine
applies is unavailing (Dkt. No. 113 at 3, 115 at 3-4). "This
exception requires proof that [the defendant's] federal
prosecution was 'a sham and a cover' for a second state
prosecution." United States v. Jackson, 295 F. App'x 572, 574 (4th
Cir. 2008) (citing Bartkus v. Illinois, 359 U.S. 121, 124 (1959)).
In other words, Cobb must establish that the Government "had little
or no independent volition in [the] proceedings." In re Kunstler,
914 F.2d 505, 517 (4th Cir. 1990).

Here, the evidence is otherwise and, in point of fact,
actually undermines his argument. Specifically, the FBI Electronic
Communication on which Cobb solely relies records that the State
"asked if the FBI would be interested in pursuing the child
pornography aspects of the investigation. [A special agent]
briefed [a Government attorney] who concurred with opening and
prosecuting the matter" (Dkt. No. 115-1). This evidence
establishes that the Government exercised "independent volition"
in opening the case, In re Kunstler, 914 F.2d at 517, thus
precluding any use of the Sham Prosecution Exception.

7

COBB v. UNITED STATES                          1:22CV25/1:18CR33

MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY

## B. Ineffective Assistance of Counsel

To succeed on a claim of ineffective assistance of counsel, a petitioner must establish by a preponderance of the evidence that (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The petitioner must "satisfy both prongs, and a failure of proof on either prong ends the matter." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

To satisfy the first prong, a petitioner must demonstrate that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687–88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong

COBB v. UNITED STATES                          1:22CV25/1:18CR33

### MEMORANDUM OPINION AND ORDER DENYING
### § 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

To satisfy the second prong, a petitioner must establish that his counsel's error was not harmless, but prejudiced the outcome of the case. Strickland, 466 U.S. at 694. Specifically, "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999); see also Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996) (noting that "there can be no claim of ineffective assistance where . . . counsel is alleged to have failed to raise a meritless argument"). Moreover, in the context of a guilty plea, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### 1. Motion to Suppress

Cobb asserts that, when he filed the motion to suppress, his trial counsel failed to argue that law enforcement had planted the

9

COBB v. UNITED STATES                              1:22CV25/1:18CR33

MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY

child pornography on his computer (Dkt. Nos. 113 at 3-4, 115 at 4-8). Relatedly, he claims that counsel incorrectly informed him about when the motion to suppress could have been amended (Dkt. Nos. 113 at 3-4, 115 at 4-8). The Government replies that these are frivolous arguments that counsel was not obliged to raise (Dkt. No. 103 at 11-12).

Here, on nothing but a bare assertion, Cobb alleges that, on September 23, 2014, a technician assisted a detective in accessing Cobb's computer. He also argues that same detective testified in federal court that he had been the only one present during the search. How this leads to the conclusion Cobb advances, that the detective actually planted the child pornography on his computer or had prior knowledge of its existence, is never made clear as Cobb offers no connecting link in support of his argument.

Even setting aside the critical fact that Cobb has provided no evidence supporting his claim, his attorney's decision not to include a frivolous argument unsupported by reasoned analysis in the motion to suppress cannot form the basis of an ineffective assistance of counsel claim. Kilmer, 167 F.3d at 893. And assuming counsel failed to advise Cobb about the rules governing timely

COBB v. UNITED STATES                          1:22CV25/1:18CR33

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

amendment to a motion, such a failure did not result in prejudice because the proposed argument was so wholly lacking in merit. Strickland, 466 U.S. at 694.

### 2. Failure to Raise Arguments

Cobb next contends that counsel was ineffective by failing to move to dismiss the federal indictment (Dkt. Nos. 113 at 5-6, 115 at 9-10). In support, he argues, as he did in support of his prosecutorial misconduct claim, that, by prosecuting him for possession of child pornography, federal prosecutors violated his state-court plea agreement and the Double Jeopardy Clause of the Constitution (Dkt. Nos. 113 at 5-6, 115 at 9-10). But, as already discussed, this argument is meritless and counsel had no obligation to raise it. Kilmer, 167 F.3d at 893.

Cobb also asserts that his attorney failed to raise other arguments aimed at establishing his innocence (Dkt. Nos. 113 at 4-5, 115 at 8). Specifically, he claims he informed counsel that other people had access to his computer, that owners of a local computer store could testify to the absence of child pornography on the computer, and that he had never been suspected of similar offenses (Dkt. Nos. 113 at 4-5, 115 at 8).

COBB v. UNITED STATES                        1:22CV25/1:18CR33

MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY

It is unclear how Cobb expected counsel to use this information. While it may have formed the basis for a defense at trial, Cobb elected to plead guilty after having previously disclosed these arguments to counsel. Accordingly, given Cobb's failure to explain when counsel was supposed to have raised these arguments, he cannot establish an ineffective assistance claim on this basis.[3]

**3. Withdrawal**

Finally, Cobb alleges that his attorney threatened to withdraw if he did not plead guilty (Dkt. Nos. 113 at 4-5). The Government challenges this claim as wholly inconsistent with Cobb's statements at his plea hearing (Dkt. No. 103 at 12-13).

"[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Here, Cobb's statements at the plea hearing thoroughly undermine any claim that he only pleaded guilty because counsel used intimidation by threatening to withdraw as his attorney.

---

[3] Any contention that counsel failed to properly investigate these arguments is refuted by Cobb's own statements at his plea hearing. See infra pp. 13-14.

12

COBB v. UNITED STATES                          1:22CV25/1:18CR33

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

> THE COURT: Okay. Did you feel at any time that
> you were being rushed or harried or forced
> into signing this Plea Agreement?
>
> COBB: No.
>
> . . .
>
> THE COURT: All right. [Mr.] Cobb, is your plea
> the result of any threat or force or coercion?
>
> COBB: No, it's not.

(Dkt. No. 79 at 15, 42). Moreover, when asked about his counsel's

performance, Cobb provided the following response:

> THE COURT: All right. Now, has [counsel]
> adequately represented you in connection with
> this matter?
>
> COBB: Yes, he has.
>
> THE COURT: Has he left anything undone by way
> of researching the case, investigating the
> case, or explaining to you, that you think he
> should have undertaken?
>
> COBB: No, he's done a very good job.

Id. at 43.

Given the absence of any extraordinary circumstances, "the

truth of [Cobb's] sworn statements . . . is conclusively

established," Lemaster, 403 F.3d at 221-22, negating his claim

that he pleaded guilty because of his counsel's threat to withdraw.

COBB v. UNITED STATES                          1:22CV25/1:18CR33

MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Cobb's ineffective assistance claim on this ground therefore lacks

merit, and he is not entitled to relief.

**C. Motion for an Evidentiary Hearing, to Expand the Record, and for the Appointment of Counsel**

As part of his motion, Cobb sought an evidentiary hearing

(Dkt. Nos. 108, 116). In § 2255 petitions, an evidentiary hearing

is not necessary when "the [petition] and the files and records of

the case conclusively show that the prisoner is entitled to no

relief." 28 U.S.C. § 2255(b). The decision to hold a hearing is

left to the sound discretion of the Court. Raines v. United States,

423 F.2d 526, 530 (4th Cir. 1970). Here, the evidence of record

conclusively establishes that Cobb's claims of prosecutorial

misconduct and ineffective assistance of counsel are without

merit, and the Court therefore need not hold an evidentiary

hearing. Moreover, since he is not entitled to relief, Cobb's

additional requests in the motion -- that the Court expand the

record by directing the Government to submit additional evidence

and that it appoint counsel -- are now moot.

**V. CONCLUSION**

The Court therefore

- **DENIES** Cobb's § 2255 petition (Dkt. No. 96);

14

COBB v. UNITED STATES                          1:22CV25/1:18CR33

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

- **DENIES IN PART** and **DENIES IN PART AS MOOT** his Motion for an Evidentiary Hearing, to Expand the Record, and for the Appointment of Counsel (Dkt. No. 108); and

- **DIMISSES** Civil Action No. 1:22CV25 **WITH PREJUDICE.**

  It is so **ORDERED.**

  The Clerk **SHALL** enter a separate judgment order in favor of the United States; transmit copies of this Order and the judgment order to Cobb by certified mail, return receipt requested, and to counsel of record by electronic means; and strike this case from the Court's active docket.

## VI. DENIAL OF CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rules Governing Section 2255 Proceedings 11(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Cobb has not made a

COBB v. UNITED STATES                          1:22CV25/1:18CR33

### MEMORANDUM OPINION AND ORDER DENYING
### § 2255 PETITION AND DENYING CERTIFICATE OF APPEALABILITY

"substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Cobb has failed to make the requisite showing, and **DENIES** issuing a certificate of appealability.

DATED: September 27, 2022

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE